ROBERT McFEELY,                    )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    No. 2:06CV47 DDN
                                   )
KARL A. DEMARCE, et al.,           )
                                   )
          Defendants.              )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of
Robert McFeely (registration no.503138), an inmate at the
Maryville Treatment Center (MTC), for leave to commence this
action without payment of the required filing fee [Doc. #1].  For
the reasons stated below, the Court finds that the applicant does
not have sufficient funds to pay the entire filing fee and will
assess an initial partial filing fee of $10.18.  See 28 U.S.C. §
1915(b)(1).  Furthermore, based upon a review of the complaint,
the Court finds that the complaint should be dismissed pursuant
to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing
a civil action in forma pauperis is required to pay the full
amount of the filing fee.  If the prisoner has insufficient funds
in his prison account to pay the entire fee, the Court must
assess and, when funds exist, collect an initial partial filing

1

fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1).  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  See 28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint.  See 28 U.S.C. § 1915(a)(1),(2).  A review of applicant's account statement indicates an average monthly deposit of $50.90, and an average monthly account balance of $23.43.  Applicant has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $10.18, which is 20 percent of applicant's average monthly deposit.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a

defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are Karl A. DeMarce, an Associate Circuit Judge in Scotland County, Missouri, Sheriff Wayne Winn, Deputy Bill Holland, and Deputy Chad Rockhold.

Plaintiff's allegations are directed towards the arrest leading to his current confinement. Plaintiff alleges that

defendants Winn, Holland, and Rockhold arrested him without probable cause and conducted a warrantless search and seizure of his property. Plaintiff further alleges that a warrant was issued that not based on the oath and affirmation of any credible witness to support probable cause. Plaintiff seeks declaratory relief.

### Discussion

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). A decision in plaintiff's favor would necessarily call into question the validity of plaintiff's current confinement.

> [T]he Supreme Court in <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), held that, if a judgment in favor of a prisoner in a section 1983 action would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus.

<u>Schafer v. Moore</u>, 46 F.3d 43, 45 (8th Cir. 1995); <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

Additionally, plaintiff's complaint is legally frivolous as to Judge DeMarce because he is "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" <u>Penn v. United States</u>,

335 F.3d 786, 789 (8th Cir. 2003) (quoting <u>Mireles v. Waco</u>, 502 U.S. 9, 11-12 (1991).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #1] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $10.18 within thirty (30) days from the date of this order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both.  *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this order and memorandum.


Dated this 2nd day of November, 2006.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**